UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEVELAND WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01213-NCC |
| ) | |
| COMMISSIONER UNKNOWN ) | |
| ABDULLUA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Cleveland Washington's application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. Furthermore, after initial review, the Court will issue service on the complaint as to defendants Commissioner Abdullua and Officer Jarden in their individual capacities. The Court will dismiss plaintiff's claims against defendants Tammy Ross, Unknown Ervin, Unknown Wilborn, Unknown Boarders, Unknown Cherry, T. Bryant, J. Lewis, Unknown Gatian, Unknown Hamilton, Unknown Moe, and Unknown Jarden.

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the

preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified account statement from his inmate account at the St. Louis City Jail as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights when they failed to protect him from a jail riot and were deliberately indifferent to his medical needs. Plaintiff lists as defendants the names of the staff members that he recalls: Commissioner Unknown Abdullua, Deputy Commissioner Tammy Ross, Major Ervin, Captain Wilborn, Lieutenant Boarders, Lieutenant Cherry, Lieutenant Ber, Officers T. Bryant, J. Lewis, Gation, Hamilton, Ms. Moe, and Ms. Goldberg. Plaintiff states he holds each officer at fault for the actions against him and "would like to name each of them in his complaint." (Compl. at 4). He sues defendants in both their individual and official capacities.

Plaintiff states that on August 22, 2023, he was awoken at 5:30 a.m. by the sound of his cell door being opened. Six to eight fellow inmates rushed into his cell and began assaulting him.

-3-

They then took control of the wing, going door to door and jumping any inmate who refused to join in the riot. Plaintiff states Officer Jarden had given his keys to the inmates so they were able to key into plaintiff's cell. The inmates took control of wing B. When the officers eventually regained control of the wing, they did not provide medical treatment to plaintiff.

Plaintiff states that he stopped a number of officers and members of the administrative staff, but they did not attend to his medical needs for more than twelve hours. When he was seen by medical staff, they told him that he had sprained his ankle and suffered many contusions over his body. Plaintiff was taken to SLU Hospital, where an x-ray revealed his ankle was fractured.

He was then returned to the St. Louis City Justice Center and placed back in the same holding tank. From August 23, 2023 to August 27, 2023, he was forced to sleep on the floor of the holding cell without a mat or blanket. He states that the Commissioner refused to feed the inmates from wings 4A and 4B because they had started the riot. Although plaintiff had come from wing 4B, he states that he had not participated in the riot. Plaintiff states that staff at the Justice Center reported to the news media that he was part of the riot to "deflect the truth and cover for the jail's medical neglect." (Compl. at 3-4). Plaintiff alleges that after the riots, from August 27 to September 3, the officers refused to let the inmates shower and stripped them of their belongings, including hygiene items.

Seemingly unrelated to his allegations regarding the riot, plaintiff states that on October 5, 2023, Officer T. Bryant maced him in his face and then placed him in a cell for 45 minutes. Plaintiff said he had asked to talk to a Lieutenant or "white shirt officer," and this is what precipitated the macing. Defendant Officer Hamilton witnessed this macing. Plaintiff states that Bryant asked him,

-4-

"Does it burn?" and stated, "The hot sauce cooks real good." After 45 minutes, plaintiff was taken to medical and treated by a nurse.

As for his injuries, plaintiff states, "I had to [be] seen at SLU for the assault, I had to get taken to medical a number of times for the constant pain." (Compl. at 5). For relief, plaintiff seeks $150,000. He states this amount "will do justice to the wrongs of the St. Louis City Justice Center Staff."

## Discussion

Liberally construed, plaintiff is suing defendants for failure to protect, deliberate indifference to his serious medical needs, unlawful use of force, and unconstitutional conditions of confinement. The Court finds plaintiff has alleged a plausible claim against defendant Jarden for failure to protect and a plausible claim against defendant Abdullua for unlawful conditions of confinement. The Court will issue service on these two defendants in their individual capacities. Plaintiff's allegations against defendant Bryant will be dismissed without prejudice for misjoinder. The Court will dismiss without prejudice plaintiff's claims against the remaining defendants.

  (1) *Failure to Protect*

Under the Due Process Clause of the Fourteenth Amendment, custodians of a pretrial detainee have a duty to take reasonable steps to protect the detainee from assault by other detainees. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). To prove an Eighth Amendment violation, an inmate must fulfill two requirements, one objective and one subjective. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed

objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Here, plaintiff alleges Officer Jarden gave his jail keys to the rioting inmates, allowing them to access plaintiff's cell, and possibly all inmates' cells. Although the specific facts surrounding the rioters' possession of Jarden's keys have not been alleged, and it is possible that Jarden was under duress, the Court finds it plausible that he knew of and disregarded an excessive risk to plaintiff's safety. For this reason, the Court will issue service on defendant Jarden in his individual capacity.

    *(2)     Deliberate Indifference to Serious Medical Needs*

At all relevant times, plaintiff was a pretrial detainee, so his or constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Plaintiff alleges that the rioting inmates assaulted him, fracturing his ankle. He states that after the riot, he stopped a number of Justice Center officers and several members of the administrative staff and "[no one] attended to my need for over 12 hours during that time." (Compl. at 3). When he was evaluated by medical staff, they determined he had a sprained ankle and sent him to SLU Hospital for x-rays. The x-rays revealed a fractured ankle.

While plaintiff's fractured ankle was a serious medical need, the Court finds plaintiff has not met his burden of alleging that the Justice Center's medical staff's treatment was "so inappropriate to evidence intentional maltreatment or refusal to provide essential care." Having just quelled a prison riot, it seems there might be a delay in treating an inmate's sprained ankle. When medical staff evaluated plaintiff, they said he had a sprained ankle and sent him to the hospital for x-rays. Plaintiff states this took twelve hours. While plaintiff might have been treated sooner under ideal circumstances, a twelve-hour wait for a presumed ankle sprain is not evidence of intentional maltreatment or refusal of care.

Finally, the Eighth Circuit has found that when an inmate claims a delay in treatment "the objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Redmond v. Kosinski*, 999 F.3d 1116 (8th Cir. 2021) (emphasis in original). Here, plaintiff has not alleged the 12-hour delay in treatment caused his condition to worsen. For example, he does not allege his ankle became infected. For these reasons, the Court will dismiss plaintiff's claims arising out of his allegations that defendants violated his rights under the Eighth and Fourteenth Amendments.

(3)     *Unlawful Use of Force*

Separate from the allegations regarding the riot, plaintiff states that on October 5, 2023, defendant Bryant maced him and put him in a cell without treatment for 45 minutes. He alleges this occurred because he asked Bryant to speak to a Lieutenant or a "white shirt officer." (Compl. at 4). As evidence of Bryant's malicious intent, plaintiff states that Bryant asked him, "Does it burn?" and then stated "The hot sauce cooks real good."

Although plaintiff might be able to allege a plausible claim against defendant Bryant, his complaint is deficient because he has inappropriately joined together unrelated claims. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, plaintiff has attempted to join unrelated claims, which he will not be allowed to do. If plaintiff wants to bring a separate claim against defendant Bryant, he should file a separate prisoner civil rights complaint. The Court will dismiss plaintiff's claims against defendant Bryant.

  *(4) Conditions of Confinement*

To establish a conditions of confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendants

behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to the "civilized measure of life's necessities," prison officials are required to ensure that inmates receive adequate clothing, food, shelter, and medical care. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

Plaintiff states that after he received care at SLU Hospital for his fractured ankle, he returned to the Justice Center and was held in a holding tank. From August 23 to August 27, 2023, he slept on the floor of the holding cell without a mat or a blanket. He alleges that Commissioner Abdullua "refused to feed the inmates that came from wings 4A and 4B as that is where the riot started." (Compl. at 3). On initial review, the Court must accept all facts alleged as true. If Commissioner Abdullua refused to feed plaintiff for four days, from August 23 to August 27, plaintiff has stated a plausible claim for unconstitutional conditions of confinement. Certainly food is one of life's necessities, and plaintiff alleges the Commissioner denied him food intentionally as punishment to the rioting inmates. The Court will issue service on defendant Commissioner Abdullua in his individual capacity.

> (5)  *Defendants Tammy Ross, Major Ervin, Captain Wilborn; Lieutenants Boarders, Cherry, and Ben; and Officers Bryant, Lewis, Gatian, Hamilton, Moe, and Goldberg*

As for defendants Tammy Ross, Major Ervin, Captain Wilborn; Lieutenants Boarders, Cherry, and Ben; and Officers Bryant, Lewis, Gatian, Hamilton, Moe, and Goldberg, plaintiff alleges only that these are "[t]he names of the staff members that I can recall." (Compl. at 4). Plaintiff has made no specific allegations against these defendants.

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their

own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Because plaintiff has not alleged any causal connection between any action on the part of these defendants and any violation of his constitutional rights, the Court will dismiss plaintiff's claims against these defendants for failure to state a claim upon which relief may be granted.

*(6)    Claims Brought Against Defendants Jarden and Abdullua in Their Official Capacities*

Finally, the Court will dismiss plaintiff's claims brought against defendants Jarden and Abdullua in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Section 1983 liability against local governmental units is limited. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy

or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be stated to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Plaintiff's suit against defendants Jarden and Abdullua in their official capacities is actually a suit against the City of St. Louis. Because plaintiff has not alleged the City of St. Louis violated any official policy, unofficial custom, or failed to train and supervise its employees, his claims against these defendants brought in their official capacities must be dismissed. *See De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process upon the complaint as to defendants Unknown Abdullua and Unknown Jarden in their individual capacities. Defendants shall be served through the Memorandum of Understanding the Court maintains with the City of St. Louis.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Unknown Abdullua and Unknown Jarden brought in their official capacities are **DISMISSED without**

**prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's complaint against defendants T. Bryant, Tammy Ross, Unknown Ervin, Unknown Wilborn, Unknown Boarders, Unknown Cherry, Lewis, Gatian, Hamilton, Moe, and Goldberg is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of November, 2024.

                                                HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE