UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CLEVELAND WASHINGTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:24-CV-1213-NCC |
| ) | |
| **COMMISSIONER UNKNOWN** ) | |
| **ABDULLA and OFFICER UNKOWN** ) | |
| **JARDEN,** ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Cleveland Washington's motion to appoint counsel (Doc. 36).  Defendants have filed no response. For the following reasons, the motion to appoint counsel will be granted.

### Background

Plaintiff Cleveland Washington, who is self-represented, is currently incarcerated at Southeast Correctional Center ("SECC").  He brings this civil rights action under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights when they failed to protect him from a jail riot and were deliberately indifferent to his medical needs.  In his current motion, Plaintiff alleges that he is currently serving a sentence in segregation and has limited access to resources that would enable him to prosecute his claims.

On August 22, 2025, Defendants filed a Motion for Summary Judgment, Memorandum in Support, and Statement of Uncontroverted Material Facts (Docs. 24-26).  Defendants argue that any deprivations Plaintiff underwent do not rise to the level of an Eighth Amendment violation, that Defendants are entitled to qualified immunity, and Plaintiff has failed to exhaust

his administrative remedies. On October 6, 2025, Defendants filed a Notice of Plaintiff's Failure to Oppose Defendants' Motion for Summary Judgment and Request for Ruling (Doc. 29). They argued that (i) under the current Case Management Order, Plaintiff has waived his right to file an opposition brief to Defendants' motion for summary judgment and his right to file a motion for summary judgment, and (i) the Court may consider their assertion of fact as undisputed under Federal Rule of Civil Procedure 56(e), and may grant summary judgment if the motion and supporting materials show that they are entitled to it. Defendants requested that the Court consider their motion for summary judgment as unopposed, deem their statement of material fact admitted, and enter judgment in their favor.

On October 15, 2025, after the deadline under the Case Management Order (Doc. 11) for Plaintiff to respond had passed, the Court entered an order directing Plaintiff to file a Memorandum in Opposition to Defendants' Motion for Summary Judgment and a Response to Statement of Material Facts within 21 days of the Order. However, the mail containing the Court's Order was returned as undeliverable due to Plaintiff's relocation to a new facility. (Doc. 32). After updating Plaintiff's address, the Clerk's Office resent the Order to Plaintiff on October 29, 2025. (Docs. 32-33). On November 17, 2025, Plaintiff filed a request for an extended deadline to file a response to Defendants' motion for summary judgment. (Doc. 33). The Court granted him a 30-day extension. (Doc. 35).

On January 2, 2026, Plaintiff filed his third Motion to Appoint Counsel. (Doc. 36). Plaintiff states that he has limited access to legal materials while placed in segregation. (Doc. 37). He further asserts that his current conditions of confinement limit his ability to investigate the facts of his case; for example, he is unable to locate or interview other inmates who were

eyewitnesses to the relevant events, or to consult a medical expert for issues relating to his medical-needs claims.  He states that he is a *pro se* litigant with no legal training and has not received discovery pertaining to this case.

## Discussion

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

The Eighth Circuit recently articulated the standard for considering motions for appointment of counsel in civil cases as follows:

> While indigent civil litigants have no constitutional or statutory right to appointed counsel, district courts may appoint counsel after considering, among other factors, the factual and legal complexity of a case, the litigant's ability to investigate and present the claims, and the presence of conflicting evidence. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Additional factors include whether an indigent plaintiff has stated a colorable claim, and whether the court would benefit from assistance of counsel. *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986) (collecting factors and rejecting any per se rules to limit a district court's discretion to appoint counsel).  "In ruling on a request for counsel, the district court must exercise 'a reasoned and well-informed discretion' and seriously consider appointing counsel 'whenever an indigent plaintiff establishes in his or her pleadings a prima facie case which, if proven, would entitle him or her to relief.'" *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citation omitted).

*Smith v. Walker*, No. 23-3579, 2025 WL 2170323, at *2 (8th Cir. July 31, 2025).

      After reviewing these factors, the Court finds that the appointment of counsel is warranted at this time. Plaintiff's filings demonstrate that he is having difficulty pursuing his claims through discovery and that such discovery is appropriate for his claims.  The Court also believes that appointment of counsel for Plaintiff would benefit the Court.  Thus, the Court will grant Plaintiff's motion for appointment of counsel.

      Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 36) is **GRANTED**. The Court will enter a separate order appointing counsel.

      Dated this 24th day of February, 2026.

      /s/ Noelle C. Collins
      NOELLE C. COLLINS
      UNITED STATES MAGISTRATE JUDGE